[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12110
Non-Argument Calendar
_____

D.C. Docket No. 2:17-cv-00180-RWS

PIERRE ANDRE BASSON,

Plaintiff - Appellant,

versus

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
CITIMORTGAGE, INC.,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 2, 2018)

Before MARCUS, WILLIAM PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Pierre Andre Basson, proceeding pro se, appeals the dismissal of his

complaint for quiet title, fraud, and emergency temporary restraining order under

Georgia law for failure to state a claim upon which relief may be granted. The complaint was before the district court based on diversity jurisdiction after notice of removal. The only issue Basson raises on appeal is whether the district court erred in failing to convert the appellees' motions to dismiss into motions for summary judgment when the district court considered documents attached to one of the motions to dismiss. After thorough review, we affirm.

We review de novo whether a district court was required to convert a motion to dismiss into a motion for summary judgment. Cf. SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1336-37 (11th Cir. 2010).

Typically, a motion to dismiss must be converted into a motion for summary judgment when a district court considers matters outside the pleadings. Fed. R. Civ. P. 12(d); Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005). However, the district court may always consider exhibits attached to the complaint on a 12(b)(6) motion, because exhibits are part of the pleadings. Fed. R. Civ. P. 10(c); Thaeter v. Palm Beach Cty. Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006).

The district court may also consider documents referenced in the complaint, even if they are not physically attached, if the documents are (1) central to the complaint and (2) no party questions their authenticity. Day, 400 F.3d at 1276. We have held that a document is central to a complaint when it is a "necessary part of [the plaintiff's] effort to make out a claim." Id. When a defendant attaches

2

documents that meet this standard to a motion to dismiss, the court may consider the documents without converting the motion to dismiss into a motion for summary judgment. See id. at 1275-76.

Here, the two security deed assignments attached to the defendants' motion to dismiss are identical to the two assignments attached to Basson's complaint. Because documents attached to the complaint are part of the pleadings, the district court properly considered the security deed assignments on a motion to dismiss.

The defendants also attached the original security deed executed by Basson to their motion to dismiss. Although Basson did not attach this document to his complaint, he referenced it within the complaint, and the security deed is central to the complaint. As the record reveals, the terms of the original security deed are necessary to determine Basson's rights to quiet title and to prove his claim that the deed was fraudulently assigned. Further, Basson alleged a violation of the terms of the security deed in his request to enjoin the foreclosure of his home. And Basson has never disputed the authenticity of the original security deed. On this record, the district court properly considered the security deed without converting the motion to dismiss into a motion for summary judgment.

3

In short, the district court did not reach outside the four corners of the complaint when it reviewed the documents attached to the motion to dismiss. Accordingly, we affirm the district court's dismissal of Basson's complaint.

**AFFIRMED**.